IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RODNEY RICHMOND, et al.,<br><br>　　　　　Defendants. | **CASE NO. 4:25-CV-520**<br>Hon. Brian S. Miller |
| CVS PHARMACY, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARKANSAS STATE BOARD OF PHARMACY, et al.,<br><br>　　　　　Defendants. | **CASE NO. 4:25-CV-524**<br>Hon. Brian S. Miller |
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARKANSAS STATE BOARD OF PHARMACY, et al.,<br><br>　　　　　Defendants. | **CASE NO. 4:25-CV-561**<br>Hon. Brian S. Miller |
| OPTUM, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RODNEY RICHMOND, et al.,<br><br>　　　　　Defendants. | **CASE NO. 4:25-CV-598**<br>Hon. Lee P. Rudofsky |

**BRIEF IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE, TO FILE A CONSOLIDATED RESPONSE TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION, AND TO EXTEND RESPONSE BRIEF DEADLINE**

**INTRODUCTION**

Defendants have been sued in four separate cases challenging Arkansas Act 624 of 2025.

All four cases share common questions of law and fact, and therefore, under Fed. R. Civ. P. 42(a),

1

Defendants respectfully move to consolidate *Express Scripts, Inc. v. Richmond*, No. 4:25-CV-520 (E.D. Ark.) ("*Express Scripts*"), *CVS Pharmacy, Inc. v. Ark. State Board of Pharmacy*, No. 4:25-CV-524 (E.D. Ark.) ("*CVS*"), *Pharmaceutical Care Management Association v. Ark. State Board of Pharmacy*, No. 4:25-CV-561 (E.D. Ark.) ("*PCMA*"), and *Optum, Inc. v. Richmond*, No. 4:25-CV-598 (E.D. Ark.) ("*Optum*").

Defendants further move to file a consolidated response that responds to the motions for preliminary injunction pending in two of the four cases (*see Express Scripts*, ECF No. 16–21; *CVS*, ECF No. 12, 14); and for an extension of the time to respond from 14 to 30 days to July 11, 2025.

Complying with Local Rule 7.2, Defendants have consulted with the plaintiffs in all four cases, and none of the Plaintiffs object to this motion. Plaintiffs have requested the ability to file individual replies to Defendants' response as opposed to a consolidated reply. Defendants do not object to their request.

## BACKGROUND

During the 2025 legislative session, the General Assembly passed HB 1150, which was signed by Governor Sanders and enacted as Act 624. The act is not effective until January 1, 2026. *See* Ark. Act 624 of 2025.

On May 29, 2025, the *Express Scripts* and *CVS* Plaintiffs filed separate complaints. *See Express Scripts*, ECF No. 1; *CVS*, ECF No. 1. Both cases were assigned to Hon. Brian S. Miller. *PCMA* was filed on June 9, 2025. *See PCMA*, ECF No. 1. It was also assigned to Judge Miller.

On June 16, 2025, the Plaintiffs in *Optum* filed a complaint. The case was assigned to Hon. Lee P. Rudofsky. *See Optum*, ECF No. 1.

The Plaintiffs in all four cases challenge Arkansas Act 624 of 2025.

All four cases are filed against the individual members of the Arkansas State Board of Pharmacy and its executive director. *See Express Scripts*, ECF No. 1; *CVS*, ECF No. 1; *PCMA*, ECF No. 1; *Optum*, ECF No. 1. *CVS* and *PCMA* also include the Arkansas State Pharmacy Board as a defendant. *See CVS*, ECF No. 1; *PCMA*, ECF No. 1. Defendants waived service of summons in all four cases. *See Express Scripts*, ECF No. 14; *CVS*, ECF No. 11; *PCMA*, ECF No. 6; *Optum*, ECF No. 5.

The Plaintiffs in *Express Scripts* challenge the act under the Dormant Commerce Clause, Privileges and Immunities Clause, Supremacy Clause (TRICARE preemption), and Bill of Attainder Clause. *See Express Scripts*, ECF No. 1.

The Plaintiffs in *CVS Health* challenge the act under the Dormant Commerce Clause, Equal Protection Clause, and the Supremacy Clause (ERISA and Medicare preemption). *See CVS*, ECF No. 1.

The Plaintiffs in *PCMA* challenge the act under the Dormant Commerce Clause, Privileges and Immunities Clause, and Bill of Attainder Clause. *See PCMA*, ECF No. 1.

The Plaintiffs in *Optum* challenge the act under the Dormant Commerce Clause, Supremacy Clause (ERISA and Medicare preemption), and the Takings Clause. *See Optum*, ECF No. 1.

Plaintiffs in all four cases seek declaratory and injunctive relief.

On June 11, 2025, Plaintiffs in *CVS* moved to enjoin Act 624. *See CVS* case, ECF No. 12, 14.

On June 12, 2025, Plaintiffs in *Express Scripts* moved to enjoin Act 624. *See Express Scripts* case, ECF No. 16–21.

The Plaintiffs in *PCMA* and *Optum* have not moved for a preliminary injunction, but their complaint seeks to enjoin Act 624. *See PCMA*, ECF No. 1; *Optum*, ECF No. 1.

## APPLICABLE LAW

Rule 42 of the Federal Rules of Civil Procedure states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the action;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more of the separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42.

## ARGUMENT

***Case Consolidation.*** Consolidation of the four cases is appropriate under Fed. R. Civ. P. 42(a) and within the court's discretion. As outlined above, all four cases are filed in the same venue; three of the four are assigned to the same judge; all challenge Act 624; all involve the same defendants; and all seek declaratory and injunctive relief. Most importantly, all share common questions of law and fact—Dormant Commerce Clause (4/4), Privileges and Immunities Clause (2/4), Supremacy Clause (4/4) (TRICARE (1), ERISA (2), Medicare (2)), Bill of Attainder Clause (2/4). Only the equal protection claim raised in *CVS* and the takings claim raised in *Optum* are not shared with another case.

Consolidating the four cases would conserve judicial resources at the district court and appellate levels and will not cause unfair prejudice to any party. *See Polito v. Molasky*, 123 F.2d 258, 262 (8th Cir. 1941); *Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009). Accordingly, Defendants request that the four cases challenging Act 624 be consolidated under Rule 42(a).

***Brief Consolidation.*** Defendants also seek to file one consolidated response to the preliminary injunction motions filed in *Express Scripts* and *CVS*. A consolidated response allows for more efficient case administration, reduces the burden on the court, and eliminates unnecessary repetition. Again, the responses to the preliminary injunctions of *Express Scripts* and *CVS* will address all challenges raised by *PCMA*.

***Extension***. Under Local Rule 7.2, Defendants' responses to the preliminary injunction motions in *CVS* and *Express Scripts* are due June 25 and June 26, respectively. Defendants request an extension of the usual 14 days to respond to 30 days, to July 11, 2025, to file their consolidated response brief. The preliminary injunction motions are extensive and raise complicated and critical issues, requiring additional time to respond. This request is for good cause and will not cause any undue delay or prejudice to any party.

***Local Rule 7.2.*** As noted above, Defendants have conferred with the Plaintiffs in all four cases, and none object to the requests made herein. Defendants do not object to Plaintiffs request to file individual replies to Defendants' response as opposed to a consolidated reply.

WHEREFORE, Defendants respectfully request that the Court (i) consolidate the *Express Scripts*, *CVS*, *PCMA*, and *Optum* cases; (ii) permit Defendants to file one consolidated response to

5

the pending preliminary injunction motions; and (iii) extend Defendants' time to respond to thirty days, to July 11, 2025.

June 20, 2025

Respectfully submitted,

Jordan Broyles
Ark. Bar No. 2015156
Senior Assistant Attorney General

Ryan Hale
Ark. Bar No. 2024310
Senior Assistant Attorney General

Office of the Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 301-0169; (501) 682-2591(fax)
jordan.broyles@arkansasag.gov
ryan.hale@arkansasag.gov

*Counsel for Defendants*